UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ROBIN ROBINSON,

       **Plaintiff,**

v.                                         **Case No. SA-20-cv-0269-JKP**

 MELTON TRUCK LINES, INC.,
 MARION RICHARD POPE,

       **Defendants.**

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendants Melton Truck Lines, Inc. and Marion Richard Pope's *Motion for Summary Judgment* (ECF No. 45). With the filing of the response (ECF No. 50) and reply (ECF No. 51), the motion is ripe for ruling. For the reasons set forth below, the Court grants the motion.

## I. BACKGROUND

This case arises out of a vehicle accident that occurred on U.S. Highway 90 in Bexar County on July 29, 2018. ECF Nos. 1-3 at 2; 50-8 at 2. Plaintiff Robinson and Defendant Pope were traveling in parallel lanes in the same direction when a vehicle entered the highway from an entrance ramp forcing Pope, who was in the right lane, into the left lane where Plaintiff was traveling. ECF No. 51-1 at 36. As Plaintiff explained on the 911 call, "a blue truck swerved into a big semi, and the big semi had to swerve to avoid him, and I had to swerve to avoid the big semi." Def. Ex. G. Plaintiff's vehicle left the highway. ECF No. 1-3 at 2. Plaintiff's back and shoulder were injured in the accident. *Id.*

On November 11, 2019, Plaintiff filed suit in state court bringing causes of action for negligence and gross negligence; negligence per se; negligent hiring, training, supervision,

retention, and monitoring; and negligent entrustment. ECF No. 1-3. Melton Truck Lines received

service on February 5, 2020 and removed the case to federal court on March 5, 2020. ECF No. 1.

Following the close of discovery, Defendants filed the pending motion, moving for summary

judgment on all of Plaintiff's claims. ECF No. 45 at 1. With the filing of the response and reply,

ECF Nos. 50, 51, the motion is ripe for ruling.

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). "As to materiality, the substantive law will identify which facts are material" and

facts are "material" only if they "might affect the outcome of the suit under the governing law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over material facts qualify

as "genuine" within the meaning of Rule 56 when "the evidence is such that a reasonable jury

could return a verdict for the nonmoving party." *Id.* Given the required existence of a genuine

dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties

will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. A

claim lacks a genuine dispute for trial when "the record taken as a whole could not lead a rational

trier of fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

The "party seeking summary judgment always bears the initial responsibility of

informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317,

323 (1986). Once the movant has carried its summary judgment burden, the burden shifts to the

non-movant to establish a genuine dispute of material fact. With this shifting burden, the

nonmoving party "must do more than simply show that there is some metaphysical doubt as to

the material facts." *Matsushita*, 475 U.S. at 586.

When considering a motion for summary judgment, courts view all facts and reasonable inferences drawn from the record "in the light most favorable to the party opposing the motion," but "unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016) (citation omitted). Additionally, the courts have "no duty to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *accord Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).

### III. DISCUSSION

#### A. Ordinary Negligence

Under Texas law, ordinary negligence has three elements: "existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 607 (Tex. 2016) (quoting *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)). Generally, drivers have a "duty to exercise the ordinary care a reasonably prudent person would exercise under the same circumstances to avoid a foreseeable risk of harm to others." *Gator Gone Safety Pilots v. Holt*, 622 S.W.3d 524, 536 (Tex. App. 2021—Houston [14th Dist.], no pet.) (quoting *Ciguero v. Lara*, 455 S.W.3d 744, 748 (Tex. App.—El Paso 2015, no pet.); citing *Montes v. Pendergrass*, 61 S.W.3d 505, 509 (Tex. App.—San Antonio 2001, no pet.)).

Defendants argue that Plaintiff's negligence claim fails because Pope "acted in the most reasonable manner available to him" when the blue truck "unexpectedly pulled out in front of Pope and forced him to swerve." ECF No. 45 at 9-12. Defendants point to Pope's deposition, the 911 call, the two eyewitness reports, and the absence of any evidence that Pope's vehicle and

Plaintiff's made contact in support of their argument.

Plaintiff contends the manner in which Pope entered Plaintiff's lane is evidence that Pope breached his duty to exercise reasonable care. In support of her argument, Plaintiff points to Pope's deposition testimony that he did not perform a controlled lane change, but a forced lane change; Plaintiff's deposition testimony that Pope suddenly began to merge into her lane when she was on the left side of his truck near the cab; and witnesses Dwyane Scott and Josephine Scott's testimony that the semi "suddenly jerked" into Plaintiff's lane of travel. ECF No. 50 at 9-10.

Having reviewed the evidence presented by the parties,[1] the Court concludes that the question of Pope's negligence will go to the jury.[2] Accordingly, the Court will deny Defendants' request for summary judgment on Plaintiff's ordinary negligence claim.

**B. Gross Negligence**

Defendants' ground for summary judgment on Plaintiff's gross negligence claim is that there was nothing "extraordinary" about the subject accident—there "is no evidence" of "speeding, driving recklessly or any other aggravating factor" such as drug or alcohol use—it was simply a "garden variety car accident." ECF No. 45 at 20. In support of their argument, Defendants point to cases in which Texas state and federal courts "have found no gross negligence as a matter of law." *Id.* at 15-20.

Texas does not recognize gross negligence as "a separate cause of action apart from negligence." *RLI Ins. Co. v. Union Pac. R. Co.*, 463 F. Supp. 2d 646, 649-50 (S.D. Tex. 2006) (citing *Prati v. New Prime, Inc.*, 949 S.W.2d 552, 557 (Tex. App.—Amarillo 1997, writ

---

[1] Specifically, Def. Ex. G; Pl. Dep. 40:7-23; Pope Dep. 134:24-137:18; D.W. Scott Dep. 11:4-13:7; J. Scott Dep. 6:18-9:24; ECF No. 50-8 at 3.

[2] Whether Pope did or failed to do "what a person of ordinary prudence in the same or similar circumstances" would have done. *Gator Gone Safety Pilots v. Holt*, 622 S.W.3d 524, 536 (Tex. App. 2021—Houston [14th Dist.], no pet.) (citing *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 607 (Tex. 2016)).

denied)). Instead, "the degree of negligence characterized as gross negligence is relevant only to a recovery of exemplary damages." *Id.* (citing *Riley v. Champion Int'l Corp.*, 973 F. Supp. 634, 641 (E.D. Tex. 1997)); *see also* Tex. Civ. Prac. & Rem. Code § 41.003(a)(3) (listing gross negligence as one of three avenues to obtain exemplary damages).

"Gross negligence consists of both objective and subjective elements." *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). Under Texas law, gross negligence means an act or omission:

> (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

> (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

Tex. Civ. Prac. & Rem. Code § 41.001(11). To be entitled to exemplary damages based on gross negligence, a plaintiff must prove both of these elements. *U-Haul Int'l, Inc.*, 380 S.W.3d at 137. The subjective component requires that plaintiff show "that the defendant knew about the peril, but his acts or omissions demonstrate that he did not care." *Diamond Shamrock Ref. Co. v. Hall*, 168 S.W.3d 164, 173 (Tex. 2005). Risks are "examined prospectively from the perspective of the actor, not in hindsight." *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 248 (Tex. 2008).

Pope testified that just prior to the truck cutting him off, he looked at Plaintiff in his left-hand mirror and noticed that she was in the left lane and behind him. Pope Dep. 145:4-24. Pope further testified that there was no traffic directly beside him. *Id.* 148:10-23. When he looked back to the right, the blue truck was "coming on top" of him and he was forced to enter the left lane to avoid hitting it. *Id.* 145:17-152:6.

When viewed objectively from Pope's standpoint at the time of the collision, the decision to change lanes did not pose an extreme risk that the plaintiff would be injured. There is no evidence that Pope was aware that Plaintiff had moved next to him and that he nevertheless decided to swerve into her lane. Additionally, there is no evidence that Pope was traveling significantly above the speed limit, driving in a grossly reckless manner, under the influence of drugs or alcohol, or engaging in any other aggravating factor that could warrant proceeding to trial on a gross negligence claim based on his driving conduct.

Plaintiff's contention that Pope's state of mind can only be determined by a fact finder is belied by Pope's deposition in which he plainly states what he was thinking at the time of the accident. "Although the courts recognize that there is 'no exact line' that can be drawn between ordinary and gross negligence," Plaintiff has identified no summary judgment evidence or authority for placing Pope's actions behind the wheel on the gross negligence side of the line—as to either prong. *Phillips v. Super Servs. Holdings, LLC*, 189 F. Supp. 3d 640, 655 (S.D. Tex. 2016).

Finally, a corporation may be liable for gross negligence under Texas law, but only for its own conduct. *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998); *see also Finley v. Vermeer Mfg. Co.*, No. 18-CV-192, 2019 U.S. Dist. LEXIS 178031, 2019 WL 5058901, at *5 (W.D. Tex. July 11, 2019) ("there must be clear and convincing evidence that [the corporate defendant] itself committed gross negligence."). A corporation itself commits gross negligence when it authorizes or ratifies an agent's gross negligence, commits gross negligence through the actions of a vice principal,[3] or is grossly negligent in hiring an unfit agent. *Mobil Oil Corp.*, 968

---

[3] As *Mobil Oil Corp.* explains:

Vice principal encompasses: (a) corporate officers; (b) those who have authority to employ, direct, and discharge servants of the master; (c) those engaged in the performance of nondelegable or

S.W.2d at 921-22 (citing *Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387 (Tex. 1997)); *see also Phillips*, 189 F. Supp. 3d at 656. The Court has found that Pope did not commit gross negligence in the course of the accident. And there is no evidence in the record that Melton committed gross negligence by authorizing or ratifying any conduct related to the accident.

Additionally, Melton was not grossly negligent in hiring Pope. An employer is liable for negligent hiring if it "hires an incompetent or unfit employee whom it knows, or by the exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others." *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 49 (Tex. App.—Fort Worth [2nd Dist.] 2002, *reh'g denied*). "If the performance of the employment contract requires driving a vehicle, the employer has an affirmative duty to investigate the employee or independent contractor's competency to drive." *Martinez v. Hays Constr., Inc.*, 355 S.W.3d 170, 180 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

"An employer is not negligent when there is nothing in the employee's background that would cause a reasonable employer not to hire or retain the employee." *Dangerfield v. Ormsby*, 264 S.W.3d 904, 912 (Tex. App.—Fort Worth 2008, no pet.); *compare Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 796 (Tex. 2006) (finding evidence did not show that employee's alleged conduct in altercation with a club-goer was foreseeable where employee security officer had a prior reprimand for using profanity and for violating department policy by working as a security guard while off-duty), with *Morris*, 78 S.W.3d at 51 (noting employer's failure to obtain driver's driving record or to discover several undisclosed criminal drug and alcohol offenses raised a genuine issue of material fact on negligent hiring claim).

---

absolute duties of the master; and (d) those to whom the master has confided the management of the whole or a department or a division of the business.

*Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 922 (Tex. 1998).

The basis for Defendants' motion for summary judgment on Plaintiff's negligent hiring claim is that Plaintiff cannot present "adequate evidence demonstrating that Melton was negligent in hiring Pope." In support, Defendants point to evidence that purports to show that at the time of his hiring in April 2018: (1) Pope "held a valid commercial driver's license"; (2) Pope "had a valid Medical Examiner's Certificate"; (3) Melton checked Pope's "record with his prior employers, performed a background motor vehicle record check, PSP detailed report check, and drug tested him"; (4) Pope's "motor vehicle record showed he had not received any violations or been involved in any accidents within the 3 years prior to Pope's date of hire"; and (5) Melton "ensured that Pope received a road test" even though regulations did not require it. ECF No. 45 at 4-8.

Plaintiff asserts that evidence that Pope had been convicted of a felony prior to being hired by Melton and that Pope lied on his job application create a material dispute for trial, but Plaintiff fails to show how the felony conviction or the alleged lie are probative. In other words, *how* Pope's felony, any lie on his job application, Melton's hiring Pope in spite of his alleged lie, or Melton's failure to discover any lie on the job application *proximately caused her injuries*.

The evidence shows that Pope's felony occurred in 1990 and was for attempting to sell a stolen rifle to a pawn shop. ECF No. 45-2 at 32.[4] And Defendants' reply notes that Pope was "fired from a paper company job when he was 18 years old (. . . approximately 1990)." ECF No.

---

[4] In his deposition, Pope denies he was convicted of a felony. His testimony reads:

> I wasn't convicted of a felony. I had a gun charge against me about 25, 30 years ago on a gun that I had bought out of a pawn shop that was – they said it was stolen, but the gun that – when I bought it, it was stolen. The pawn shop had sold me a stolen gun, and it just got on my record and I've been trying to fight to get it off, but it cost me $1,500 for something I didn't even do wrong. . . . I bought a rifle to go deer hunting from a pawn shop and the rifle was stolen. They had sold me a stolen rifle out of the pawn shop. . . . They fingerprinted me and they had to let me go because I gave them a receipt showing them where I had bought the gun from the pawn shop[.] . . . Q. Sir, sitting here today, do you – do you know for a fact whether you've been convicted of a felony? . . . A. No, I have not been convicted of a felony, I have not.

Pope Dep. 59:25-60:7; 60:16-17; 61:6-8; 92:24-93:3.

51 at 3. Because Plaintiff has failed to establish that her injuries were proximately caused by a breach of Melton's duty to hire competent employees, summary judgment in favor of Defendants on Plaintiff's negligent hiring claim is appropriate.

## C. Negligence Per Se

Plaintiffs' claims that Pope committed negligence *per se* because he allegedly violated Texas Transportation Code §§ 545.401 and 545.060 fail as a matter of law. Section 545.401 of the Texas Transportation Code provides, in pertinent part, "a person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property." Section 545.060 provides, in pertinent part, "An operator on a roadway divided into two or more clearly marked lanes for traffic: (1) shall drive as nearly as practical entirely within a single lane; and (2) may not move from the lane unless that movement can be made safely." "[A] violation of either the requirement to maintain a single lane or the independent prohibition against changing lanes when conditions are not safe to do so constitute separately actionable offenses." *Reyes v. State*, 603 S.W.3d 543, 549 (Tex. App.—El Paso 2020, no pet.).

A sister court in the Texas Western District recently relied on *Louisiana-Pacific Corp. v. Knighten*, 976 S.W.2d 674, 675 (Tex. 1998), when granting summary judgment in favor of the defendant on the plaintiff's negligence per se claims. *See Rivera v. Thanh Chi Nguyen*, No. PE:18-CV-41-DC-DF, 2019 WL 4999055, at *4 (W.D. Tex. July 22, 2019) (citing *Louisiana-Pacific Corp.*, 976 S.W.2d at 675, *report and recommendation adopted*, No. PE:18-CV-041-DC, 2019 WL 5026928 (W.D. Tex. Aug. 6, 2019). In *Louisiana-Pacific*, the Texas Supreme Court observed that "Texas courts have previously held that a statute that requires a driver proceed *safely* imposes on the driver a duty of reasonable care, thus precluding a negligence per se instruction" and found that the court of appeals erred in holding that the case required such

instruction, 976 S.W.2d at 675 (emphasis in original) (citing *Borden, Inc. v. Price*, 939 S.W.2d 247, 250-51 (Tex. App.—Amarillo 1997, writ denied); *Smith v. Central Freight Lines, Inc.*, 774 S.W.2d 411, 415 (Tex. App.—Houston [14th Dist.] 1989, writ denied)). More recently, a Texas appellate panel explained:

> Negligence per se is a common-law doctrine in which a duty is imposed based on a standard of conduct created by a penal statute rather than on the reasonably prudent person test used in pure negligence claims. Our sister court in *Supreme Beef Packers* explained that for a jury instruction regarding negligence per se to be appropriate, the violation must not leave any room for the driver to make a discretionary call. For example, when a statute requires a person to exercise his or her judgment, as when a driver should proceed only when it is safe to do so, the statute reflects a standard of care that is no different from the ordinarily prudent person standard. But if the statute requires all persons to stop in obedience to a red flashing light at an intersection, the statute clearly defines the prohibited conduct, leaving the driver no discretion or room for the exercise of judgment, and it is therefore a standard of conduct statute.

*Miranda-Lara v. Rebert*, No. 09-18-00325-CV, 2020 Tex. App. LEXIS 7001, at *9, 2020 WL 5099968, at *4 (Tex. App.—Beaumont [9th Dist.] 2020, no pet.) (quotation marks omitted) (quoting *Ridgecrest Ret. & Healthcare v. Urban*, 135 S.W.3d 757, 762 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *Supreme Beef Packers, Inc. v. Maddox*, 67 S.W.3d 453, 455 (Tex. App.—Texarkana 2002, pet. denied)).

The plain language in the statutes—"drives a vehicle in willful or wanton disregard"; "shall drive as nearly as practical"; and "unless that movement can be made safely"—indicates the statutes do not "clearly define the prohibited conduct" but "leave room for the driver to make a discretionary call." *Miranda-Lara*, 2020 WL 5099968, at *4. Applying the persuasive *Miranda-Lara*, an alleged or actual violation of § 545.401 or 545.060 "should merely be considered in determining, as a matter of fact, whether the conduct of a motorist is negligent under the common-law standard of the reasonably prudent [person]," *id.*, at *5.

For the reasons stated in the negligence and gross negligence sections above, the Court

will grant summary judgment in favor of Defendants on Plaintiff's negligence claim brought under Texas Transportation Code § 545.401 (there is no evidence Pope drove the truck in willful or wanton disregard of the safety of others); the alleged violation of § 545.060 may be considered by the jury in making their factual determination as to whether Pope's conduct was negligent.

**D. Negligent Entrustment**

Under Texas law, a negligent entrustment claim requires proof of five elements: "(1) entrustment of the vehicle by its owner or custodian, (2) to an incompetent driver, (3) that the owner knew or should have known was unlicensed, incompetent, or reckless, (4) that the driver was negligent, and (5) the driver's negligence proximately caused the accident." *Baird v. Shagdarsuren*, No. 3:17-CV-2000-B, 2020 U.S. Dist. LEXIS 5781, at *19, 2020 WL 208815, at *7 (N.D. Tex. Jan. 14, 2020) (quoting *McDorman ex rel. Connelly v. Texas-Cola Leasing Co. LP, LLLP*, 288 F. Supp. 2d 796, 806 (N.D. Tex. 2003) (citing *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987)).

The basis for Defendants' motion is that Plaintiff cannot establish elements two and three because the evidence shows that when Melton entrusted a vehicle to Pope, Pope had a valid CDL, extensive training, and no history of citations or reportable accidents, and Plaintiff can point to no evidence to the contrary. ECF No. 45 at 8-9. In support of elements two and three, Plaintiff points to the incident in which Pope "crashed into a pallet of building materials" of which "Melton was aware" "yet failed to reprimand or train Pope in any way." ECF No. 50 at 7.

The Court agrees with Defendants that this single self-reported incident is insufficient to establish a factual dispute on elements two and three. Even if the Court agreed that this single incident could cause Melton's entrustment of the tractor-trailer to Pope to be negligent (which it

does not), backing into materials in a truckyard is wholly unrelated to swerving into another driver's lane. In this scenario, "the risk that caused the entrustment to be negligent" (backing into materials in a truckyard) did not cause the accident (in which "a blue truck swerved into a big semi, and the big semi had to swerve to avoid him, and [Plaintiff] had to swerve to avoid the big semi"[5]). *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 597 (Tex. 1987) ("entrustment liability [does not] rest upon imputed negligence; it rests upon the combined negligence of the owner in entrusting the vehicle to an incompetent or reckless driver and negligence of the driver").

Additionally, even accepting Plaintiff's argument as satisfaction of elements two and three, Plaintiff cannot establish element five on these facts because "[f]or entrustment to be a proximate cause, the defendant entrustor should be shown to be reasonably able to anticipate that an injury would result as a natural and probable consequence of the entrustment." *Id.* at 596. Melton could not have reasonably anticipated Pope would swerve to avoid an accident based on the truckyard incident or Pope's driving history. For these reasons, summary judgment in favor of Defendants on Plaintiff's negligent entrustment claim is appropriate.

**E. Respondeat Superior**

Melton stipulates that at the time of the accident Pope was acting within the course and scope of his employment and was its statutory employee for purposes of vicarious liability. ECF No. 45 at 21 ("Melton has never disputed that Pope was in the course and scope of employment at the time of the accident.").

The common-law doctrine of respondeat superior holds one person (who is without fault) liable for the acts of another based solely on the relationship between them. *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130-31 (Tex. 2018), *reh'g denied* (Dec. 14, 2018) (quoting *St.*

---

[5] Def. Ex. G.

*Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 540 (Tex. 2002)). Vicarious liability imposes liability on an employer for its employee's negligence if "at the time of the negligent conduct, the worker (1) was an employee and (2) was acting in the course and scope of his employment." *Painter*, 561 S.W.3d at 131; *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007). Conversely, direct causes of action asserting negligent hiring, negligent training, negligent supervision, and negligent qualification are based on the employer's own negligent conduct and not the employee's negligent conduct. *Williams v. McCollister*, 671 F. Supp. 2d 884, 888 (S.D. Tex. 2009).

In cases involving ordinary negligence, direct causes of action which impose liability on an employer for its own negligence (*e.g.*, negligent hiring) and causes of action which impose liability on an employer for its employee's negligence (vicarious liability) are "mutually exclusive modes of recovery." *Rosell v. Cent. W. Motor Stages, Inc.*, 89 S.W.3d 643, 654 (Tex. App.—Dallas 2002, pet. denied). Plaintiffs may not advance ordinary negligence claims against an employer under both vicarious liability (respondeat superior) and direct liability (negligent hiring and negligent supervision) "where the derivative liability of the owner has already been established by an admission or stipulation of agency or course and scope of employment." *Plascencia v. Hillman*, No. 19-CV-40, 2019 WL 4087439, at*4 (W.D. Tex. July 3, 2019). Stated differently, when an employer has stipulated to vicarious liability, a plaintiff cannot recover twice on an ordinary negligence claim—once for the employee's negligence in causing the plaintiff's injury, and again for the employer's negligence in hiring the employee.

The claim only claim proceeding to trial is grounded in ordinary negligence. By its stipulation, Melton does not contest any potential vicarious liability should the trier of fact find Pope was negligent, therefore any cause of action arising out of vicarious liability is mutually

exclusive of claims based on Melton's own negligence. *See Williams*, 671 F. Supp. 2d at 888. Because Plaintiff cannot pursue both theories of recovery, Melton is entitled to summary judgment on Plaintiffs' direct negligence claims, to wit: negligent hiring, training, supervision, monitoring, and retention.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' *Motion for Summary Judgment* (ECF No. 45). Plaintiff's ordinary negligence claim shall proceed to trial. All other claims are dismissed with prejudice.

**It is so ORDERED this 18th of January 2022.**

_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**